IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L. MENDEZ,                    :
                                   :
     Plaintiff,                    :
                                   :
          v.                       :  Civ. Action No. 08-244-JJF
                                   :
COUNSELOR LINDA KEMP,              :
LT. SEACORD, FIRST                 :
CORRECTIONAL MEDICAL,              :
WARDEN THOMAS CARROLL,             :
and JOHN DOE,                      :
                                   :
     Defendants.                   :

Ivan L. Mendez, <u>Pro</u> <u>se</u> Plaintiff, James T. Vaughn Correctional
Center, Smyrna, Delaware.

**MEMORANDUM OPINION**

November 18, 2008
Wilmington, Delaware

Case 1:08-cv-00244-JJF   Document 13   Filed 11/18/08   Page 2 of 7 PageID #: 47

Farnan, District Judge

Plaintiff Ivan L. Mendez ("Mendez"), an inmate at the James
T. Vaughn Correctional Center ("VCC"), formerly known as the
Delaware Correctional Center, ("DCC"), Smyrna, Delaware, filed
this action pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds pro
se and has been given leave to proceed in forma pauperis pursuant
to 28 U.S.C. § 1915.  (D.I. 4.)

For the reasons discussed below, the Court will dismiss the
Complaint as frivolous and for failure to state a claim upon
which relief may be granted pursuant to 28 U.S.C. 28
1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1).  Plaintiff will be
given leave to amend.

**I.   BACKGROUND**

Plaintiff alleges that on March 14, 2008, Defendants Linda
Kemp ("Kemp") and Lt. Seacord ("Seacord") tried to remove him
from protective custody knowing that a fellow inmate had thrown
urine on him.  He alleges that Kemp and Seacord knew that he had
been assaulted on April 20, 2006 and knew of his medical
condition.

Plaintiff alleges that in 2006, John Doe ("Doe") and other
non-parties tried to remove him from protective custody, and on
June 22, 2007, Seacord and other non-parties tried to remove him
from protective custody.  He alleges this attempt to remove him

2

from protective custody is similar to the time that Defendants

former Warden Thomas Carroll ("Carroll"), First Correctional

Medical ("FCM"), Doe and other non-parties moved him from

protective custody to medium security without his consent or

agreement and he was assaulted in the medium security building.

Plaintiff alleges that there is a "widely spread plot to kill

him."  While not clear, it appears that Plaintiff wants to remain

in protective custody.  His prayer for relief states, "Honorable

Master as you know it too what I have requested always."  (D.I.

2, ¶ 21.)

## II.   STANDARD OF REVIEW

When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915

provides for dismissal under certain circumstances.  When a

prisoner seeks redress from a government defendant in a civil

action, 28 U.S.C. § 1915A provides for screening of the complaint

by the Court.  Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)

provide that the Court may dismiss a complaint, at any time, if

the action is frivolous, malicious, fails to state a claim upon

which relief may be granted or seeks monetary relief from a

defendant immune from such relief.  An action is frivolous if it

"lacks an arguable basis either in law or in fact."  Neitzke v.

Williams, 490 U.S. 319, 325 (1989).

In performing its screening function under § 1915(e)(2)(B),

the Court applies the standard applicable to a motion to dismiss

3

under Fed. R. Civ. P. 12(b)(6). Fullman v. Pennsylvania Dep't of Corr., No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing Weiss v. Cooley, 230 F.3d 1027, 1029 (7th Cir. 2000). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to Plaintiff. Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, -U.S.-, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citations omitted).

The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide

4

not only "fair notice," but also the "grounds" on which the claim
rests.  Id.  (citing Twombly, 127 S.Ct. at 1965 n.3).  Therefore,
"'stating . . . a claim requires a complaint with enough factual
matter (taken as true) to suggest' the required element."  Id. at
235 (quoting Twombly, 127 S.Ct. at 1965 n.3).  "This 'does not
impose a probability requirement at the pleading stage,' but
instead 'simply calls for enough facts to raise a reasonable
expectation that discovery will reveal evidence of' the necessary
element."  Id. at 234.  However, fantastical or delusional claims
that are clearly baseless are insufficient to withstand the
Court's evaluation for frivolity dismissal under §
1915(e)(2)(B)(i).  See Denton v. Hernandez, 504 U.S. 25, 33
(1992); Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Because
Plaintiff proceeds pro se, his pleading is liberally construed
and his Complaint, "however inartfully pleaded, must be held to
less stringent standards than formal pleadings drafted by
lawyers.  Erickson v. Pardus, -U.S.-, 127 S.Ct. 2197, 2200 (2007)
(citations omitted).

## III.  ANALYSIS

        Initially, the Court notes that inmates have "no legitimate
statutory or constitutional entitlement" to any particular
custodial classification even if a new classification would cause
that inmate to suffer a "grievous loss."  Moody v. Daggett, 429
U.S. 78, 88 n.9 (1976).  Moreover, neither Delaware law nor

Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. See Del. Code Ann 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."' Hewitt v. Helms, 459 U.S. 460, 468 (1983) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976)).

Additionally, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. Walls v. Taylor, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing Brathwaite v. State, No. 169, 2003 (Del. Dec. 29, 2003). Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state. Olim v. Wakinekona, 461 U.S. 238, 251(1983). Accordingly, the claim based upon an attempt to transfer Plaintiff from protective custody has no arguable basis in law or in fact.

To the extent that Plaintiff attempts to allege a failure to protect claim against Carroll, FCM, and Doe, he must allege that (1) he is incarcerated under conditions posing a substantial risk of serious harm (the objective element); and (2) prison officials

6

acted with deliberate indifference, i.e., that prison officials knew of and disregarded an excessive risk to inmate health or safety (the subjective element). See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); see also Griffin v. DeRosa, 153 Fed. Appx. 851, 2005 WL 2891102 (3d Cir. 2005). The Complaint contains no allegations Defendants acted with deliberate indifference. For the above reasons, the Court will dismiss the claim for failure to state a claim upon which relief may be granted and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV. CONCLUSION

The Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Plaintiff will be given leave to file an Amended Complaint only as to the failure to protect issue. An appropriate Order will be entered.